**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| CYNTHIA M. GERARD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CIVIL ACTION |
| v. | ) |  |
|  | ) | No. 13-2029-JWL |
| CAROLYN W. COLVIN, | ) |  |
| Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Commissioner's evaluation of the medical opinions, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.     Background**

Plaintiff applied for SSD, alleging disability beginning July 14, 2010. (R. 18, 104-05). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She alleges the

Administrative Law Judge (ALJ) erred in evaluating the medical opinions of Dr. Goering and Dr. Parry; failed to assess functional limitations in maintaining concentration, persistence, or pace, or in Plaintiff's ability to use her hands and fingers; and erred by making a credibility determination which is unsupported by the record evidence.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

3

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erred in evaluating the medical opinions. Having found error requiring remand, the court will not assess the additional error's alleged in Plaintiff's brief. She may make those arguments, if desired, to the Commissioner on remand.

## II.     Evaluation of Medical Opinions

The ALJ's discussion of the medical opinion evidence occupied two paragraphs in his decision:

> As for the opinion evidence, on September 28, 2010, a State agency single decision maker (SDM), Emily Brinkmeyer, reviewed the claimant's medical records and completed a physical residual functional capacity (PRFC) assessment (Exhibit B2A [(R. 49-54)]). In the PRFC, Ms. Brinkmeyer opined the claimant could lift and carry ten pounds frequently and twenty pounds occasionally, sit for six hours in an eight-hour day, and stand or walk for six hours in an eight-hour day (Exhibit B2A/2 [(R. 50)]). Ms. Brinkmeyer also opined the claimant could perform all postural activities on an occasional basis (Exhibit B2A/3 [(R. 50-51)]). Furthermore, Ms. Brinkmeyer opined the claimant has no visual, manipulative, or communicative workplace limitations, but she should avoid concentrated exposure to hazards (Exhibit B2A/3-4 [(R. 51-52)]). Ms. Brinkmeyer is not, for purposes of this decision, an acceptable medical source. However, on June 14, 2011, Emil Goering, M.D., affirmed Ms. Brinkmeyer's opinions in the PRFC (Exhibit B8F [(R. 256)]). Dr. Goering is an acceptable medical source and his opinion is consistent with the record as a whole. Accordingly, Dr. Goering's opinion is given very substantial weight.

4

> In July 2011 and January 2012, the claimant's treating physician, Amy Parry, D.O., completed paperwork for the claimant to get a handicap-parking placard (Exhibits B12F/28 [(R. 298)] and B14F/8 [(R. 376)]). In the paperwork, Dr. Parry stated the claimant could not walk one-hundred feet without stopping to rest (Exhibits B12F/28 and B14F/8). However, Dr. Parry's assertion directly conflicts with the claimant's reports that she walks one mile for exercise per day (Exhibit B14F/21 [(R. 389)]). Therefore, Dr. Parry's limitation on the claimant's ability to walk to less than one-hundred feet at a time is given very little weight.

(R. 24-25).

Plaintiff claims the ALJ erred in weighing Dr. Goering's opinion, and argues that Dr. Goering's opinion is worthy of no weight because he did not examine Plaintiff, he no longer practices medicine, and his opinion merely affirmed the opinion of the SDM and contained no assessment whatsoever. (Pl Br. 11-12). She claims error in according "very little weight" to the treating source opinion of Dr. Parry, and argues that there is no inconsistency between Dr. Parry's opinion and Plaintiff's limited walking ability. Id. She also claims the ALJ erred when he failed to discuss the opinions expressed in the FMLA (Family and Medical Leave Act) paperwork completed by Dr. Perry. Id. at 12 (citing "Certification of Health Care Provider" at R. 351-54, 359-62). She notes Dr. Parry's opinion that limitations caused by pain would prevent Plaintiff from performing the functions of her job as outlined by her employer, and that Plaintiff would likely have flare-ups approximately 10 times a month causing increased pain, poor concentration, office visits, and physical therapy, and which would further prevent work. (Pl. Br. 13).

The Commissioner argues that it is not error for a state agency consultant to affirm the opinion of an SDM as was done in this case; that as the ALJ noted, Dr. Goering's

5

opinion is consistent with the record as a whole; and even though Dr. Goering did not have access to all of the medical evidence, that fact does not preclude the ALJ from according substantial weight to Dr. Goering's opinion because the ALJ himself reviewed all of the evidence before according weight to Dr. Goering's opinion. (Comm'r Br. 12-14). She argues that it was proper for the ALJ to accord little weight to Dr. Parry's opinion (that Plaintiff cannot walk 100 feet without stopping to rest) because that opinion is contradicted by Plaintiff's report that she walks one mile a day for exercise in spite of her assertion elsewhere that she must stop and rest for 10 to 15 minutes after walking for "several blocks." Id. at 14. With regard to the opinions expressed in Dr. Parry's FMLA paperwork, the Commissioner argues that Plaintiff can show no prejudice from the failure to discuss those opinions because they were formed before the alleged onset date of disability and because Plaintiff does not demonstrate that the opinions preclude the ability to perform a range of light work as assessed by the ALJ. Id. at 15-16.

A physician such as Dr. Parry in this case, who has treated a patient frequently over an extended period of time (a treating source)[1] is expected to have greater insight into the patient's medical condition, and his opinion is generally entitled to "particular

---

[1]The regulations define three types of "acceptable medical sources:"
"Treating source:" an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship. 20 C.F.R. §§ 404.1502, 416.902.
"Nontreating source:" an "acceptable medical source" who has examined the claimant, but never had a treatment relationship. Id.
"Nonexamining source:" an "acceptable medical source" who has not examined the claimant, but provides a medical opinion. Id.

weight." Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003). But, "the opinion of an examining physician [(a nontreating source)] who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion." Id. at 763 (citing Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)). However, opinions of nontreating sources are generally given more weight than the opinions of nonexamining sources such as Dr. Goering, who have merely reviewed the medical record. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983), Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982), and Wier ex rel. Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984)).

The Tenth Circuit has explained the nature of the inquiry regarding a treating source's medical opinion. Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citing Soc. Sec. Ruling (SSR) 96-2p). The ALJ determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques,'" and if the opinion is well-supported, he must confirm that the opinion is also consistent with the other substantial evidence in the record. Id. at 1300 (quoting SSR 96-2p). If the opinion is deficient in either of these respects, it is not entitled to controlling weight. Id.

Even if the treating source opinion is not given controlling weight, the inquiry does not end. Id. A treating source opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Id. Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and

7

extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1301; 20 C.F.R. §§ 404.1527(d)(2-6), 416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).

After considering the regulatory factors, the ALJ must give reasons in the decision for the weight he gives the treating source opinion. Id. 350 F.3d at 1301. "Finally, if the ALJ rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing so." Id. (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

Both Plaintiff and the Commissioner have constructed arguments supporting their positions based upon the record evidence, and both positions find a basis in the evidence and in the legal standard for evaluating medical opinions. Specifically, as the Commissioner asserts, even though the opinion of a SDM is worthy of no weight as a medical opinion, a medical consultant might adopt the SDM opinion as his own, and the resulting medical opinion is then properly evaluated to determine whether it might be accorded particular weight in the Commissioner's decision. Thongleuth v. Astrue, No. 10-1101-JWL, 2011 WL 1303374, at *11-12 (D. Kan. Apr. 4, 2011). Thus, in the proper

8

circumstances, it is appropriate to accord greater weight to an opinion adopted by a state agency medical consultant than to the opinion of a treating physician. Moreover, despite Plaintiff's protestations to the contrary, Dr. Parry's certification in July of 2011 and in January of 2012 that Plaintiff cannot walk 100 feet without stopping to rest is worthy of very little weight because it is inconsistent with Plaintiff's contemporaneous report to Dr. Warner in November of 2011 that she walks a mile a day for exercise. Compare (R. 298, 376) with (R. 389).

However, Plaintiff is also correct to point out that SDM Brinkmeyer's opinion (as adopted by Dr. Goering) did not address Plaintiff's degenerative disc disease and degenerative joint disease, did not acknowledge the March 2011 spinal MRI suggesting a syrinx, and was not accompanied by thorough written reports. And, as Plaintiff also points out, the ALJ said nothing about Dr. Parry's opinions as reflected in her FMLA paperwork. Both parties' arguments are supported by the record evidence. While it might be possible for the court to evaluate the evidence and the parties' arguments, and reach a decision which is supported by substantial record evidence and which applies the correct legal standard, that is not the court's prerogative in a Social Security case. That is the Commissioner's duty as assigned by Congress in the Social Security Act. The parties' arguments thus illustrate the error in the ALJ's decision--he did not make factual findings regarding the medical opinions which are supported by substantial record evidence.

The ALJ stated that he accorded "very substantial weight" to Dr. Goering's opinion because Dr. Goering is an acceptable medical source and because his opinion is consistent with the record as a whole. The record and the decision demonstrate that Dr. Goering is an acceptable medical source. However, the same cannot be said regarding the consistency between the opinion and the record as a whole. As Plaintiff argues, neither Dr. Goering nor SDM Brinkmeyer addressed Plaintiff's degenerative disc disease and degenerative joint disease, or the March 2011 spinal MRI suggesting a syrinx. Moreover, while the ALJ addressed these issues, he did not explain how they are consistent with Dr. Goering's opinion, and the opinion does not reveal on its face that alleged consistency. Moreover, as Plaintiff points out, Dr. Goering's decision is not accompanied by thorough written reports. Dr. Goering merely stated that he had reviewed the medical evidence of record and had affirmed "as written" the RFC dated September 28, 2010. (R. 256). The rationale in the RFC adopted by Dr. Goering is similarly deficient. (R. 49-54). The only explanations given were: "Considerations given due to the claimant's conditions" (R. 50, 51, 52), and: "The claimant currently experiences additional limitations due to her ankle fracture. This is expected to resolve by one year from AOD [(alleged onset of disability)]. By 7/14/11 the claimant will be capable of work activities as outlined above." (R. 54). This simply does not explain how the opinion is consistent with the record as a whole as found by the ALJ.

And, while the court finds the decision to discount Dr. Parry's opinion regarding walking is supported by substantial record evidence, Plaintiff is correct that the ALJ erred

in failing to consider Dr. Parry's opinions that limitations caused by pain would prevent Plaintiff from performing the functions of her job as outlined by her employer, and that Plaintiff would likely have flare-ups approximately 10 times a month causing increased pain, poor concentration, office visits, and physical therapy, and would further prevent work. The Commissioner's argument that Plaintiff can show no prejudice from the failure to discuss these opinions because they were formed before the alleged onset date of disability and because Plaintiff does not demonstrate that the opinions preclude the ability to perform a range of light work is without merit. Although it is true that the opinions, formulated on August 13, 2009 and July 8, 2010, were dated before Plaintiff's alleged onset date of disability--July 14, 2010--they were both formulated within the year before Plaintiff filed her application--August 10, 2010. That is significant because the Commissioner has decided that she "will develop your complete medical history for at least the 12 months preceding the month in which you file your application," 20 C.F.R. § 404.1512(d), and that she "will assess [claimant's] residual functional capacity based on all the relevant evidence in your case record." Id. § 404.1545(a). While the ALJ in this case properly developed Plaintiff's complete medical history as required by the regulations, he did not assess Plaintiff's RFC based on the opinions expressed in Dr. Parry's FMLA paperwork, or at least he did not discuss those opinions in any way. If those opinions are accepted, Plaintiff cannot perform the functions of her past relevant work as outlined by her employer, and she will have approximately 10 flare-ups a month which require office visits and physical therapy.

The ALJ found that Plaintiff is able to perform her past relevant work, because it does not require the performance of work-related activities precluded by her limitations. (R. 26). However, Dr. Parry opined that Plaintiff's limitations prevent certain work-related activities. Where the ALJ's RFC determination conflicts with a medical source opinion, the ALJ must explain why he did not adopt the medical source opinion. SSR 96-8p, West's Soc. Sec. Reporting Serv. 150 (Supp. 2013). The failure to do so here is error requiring remand. Moreover, the vocational expert in this case testified that in Plaintiff's past relevant work she would be allowed to miss "up to two to three weeks a year." Dr. Parry's opinion that Plaintiff might have up to 120 flare-ups a year--potentially requiring missed work due to office visits or physical therapy--is significantly probative evidence contrary to the ALJ's decision that Plaintiff can perform her past relevant work. Therefore, the ALJ is required to discuss that evidence in his decision. <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Failure to do so requires remand.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent herewith.

Dated this 20th day of May 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**